UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JAMES H. GRIFFIN,

                Petitioner,

vs.                             Case No. 3:16-cv-1042-J-39PDB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

                Respondents.

_____

**<u>ORDER</u>**

**I.  INTRODUCTION**

Petitioner James H. Griffin, in his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1), challenges a 2011 Duval County conviction for three counts of sale or delivery of cocaine.[1]  He raises thirteen grounds for habeas relief.  As directed by this Court's Order, Respondents filed an Answer to Petition for Writ of Habeas Corpus (Response) (Doc. 20).[2]  Petitioner submitted his "Amended Reply" (Reply) (Doc. 23).  <u>See</u> Order (Doc. 7).

---

[1] The Court will reference the page numbers assigned by the electronic docketing system where applicable.

[2] The Court hereinafter refers to the exhibits in the Appendix as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit.  Otherwise, the page number on the particular document will be referenced.

## II.  CLAIMS OF PETITION

Strangely, Petitioner does not raise his thirteen grounds in numerical order.  The Court will, however, refer to the claims in numerical order, as do the Respondents.[3]  The thirteen grounds are: (1) the ineffective assistance of counsel for failure to object to prosecutor's violation of the <u>Williams</u>[4] Rule (acquitted charges), in violation of Petitioner's due process rights; (2) the ineffective assistance of counsel for failure to raise sentencing manipulation as a defense, in violation of Petitioner's due process and equal protection rights; (3) the ineffective assistance of counsel for coercing and inducing Petitioner to reject the state's plea offer; (4) the ineffective assistance of counsel for advising Petitioner to reject the state's initial plea offer; (5) the ineffective assistance of counsel for misadvising Petitioner to reject the state's offer with promises of a lesser sentence at the bottom of the guidelines; (6) the ineffective assistance of counsel for failure to inform Petitioner of "involvement of an open plea"

---

[3] Also of note, the state trial court, in addressing the Rule 3.850 motions, renumbered Petitioner's claims.  To avoid any unnecessary confusion, the Court will refer to the claims in numerical order, as identified by Petitioner, and as referenced by Respondents.  The Court recognizes that Respondents' counsel, through an extensive review, responded to the grounds in numerical order, noted the documents of exhaustion in the state court system, and referenced the trial court's related, renumbered claims.  The Court expresses its gratitude to counsel for providing such a complete response.

[4] <u>Williams v. State</u>, 110 So.2d 654 (Fla.), <u>cert</u>. <u>denied</u>, 361 U.S. 847 (1959).

and advise Petitioner of the sentencing procedure; (7) the ineffective assistance of counsel for failure to raise the unconstitutionality of the Drug Abuse Prevention and Control Act, Fla. Stat. § 893.13, in violation of Petitioner's due process rights; (8) the ineffective assistance of counsel based on the cumulative errors of counsel, in violation of Petitioner's due process and equal protection rights; (9) the ineffective assistance of counsel for failure to adequately inform Petitioner of the state's final offer of ten years, preventing Petitioner from making an informed, conscious decision; (10) the ineffective assistance of counsel for failure to object to the state's comments about various charges for which Petitioner had been acquitted, in violation of Petitioner's due process rights; (11) the trial court erred at sentencing by improperly taking into consideration offenses for which Petitioner was acquitted, in violation of Petitioner's due process rights; (12) a double jeopardy violation at sentencing based on the trial court's consideration of offenses for which Petitioner had already been sentenced or acquitted; and (13) the ineffective assistance of counsel during the plea bargain process for failure to advise Petitioner of the availability of entering an Alford plea.[5]

---

[5] Petitioner refers to an Alford plea, a plea containing a protestation of innocence while accepting that the defendant's interests require entry of a guilty plea in the face of strong evidence of guilt. <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970) (allowing for a plea of guilty while maintaining innocence).

### III.  EVIDENTIARY HEARING

It is a petitioner's burden to establish the need for a federal evidentiary hearing; Petitioner has not met this burden. <u>Chavez v. Sec'y, Fla. Dep't of Corr.</u>, 647 F.3d 1057, 1060 (11th Cir. 2011), <u>cert</u>. <u>denied</u>, 565 U.S. 1120 (2012).  Indeed, a district court is not required to hold an evidentiary hearing if the record refutes the asserted factual allegations or otherwise precludes habeas relief.  <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007).

In this case, the Court is able to "adequately assess [Petitioner's] claim[s] without further factual development," <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004), as the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief.  Thus, no evidentiary proceeding will be conducted by this Court; however, the Court will carefully review the thirteen grounds raised in the Petition, <u>see</u> <u>Long v. United States</u>, 626 F.3d 1167, 1169 (11th Cir. 2010) (per curiam) ("The district court must resolve all claims for relief raised on collateral review, regardless of whether relief is granted or denied.") (citing <u>Clisby v. Jones</u>, 960 F.2d 925, 936 (11th Cir. 1992) and <u>Rhode v. United States</u>, 583 F.3d 1289, 1291 (11th Cir. 2009)).

### IV.  STANDARD OF REVIEW

_____

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. See 28 U.S.C. § 2254; Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017). "AEDPA limits the scope of federal habeas review of state court judgments[.]" Pittman v. Sec'y, Fla. Dep't of Corr., 871 F.3d 1231, 1243 (11th Cir. 2017), petition for cert. filed, (U.S. May 18, 2018) (No. 17-9015). This narrow scope of review under AEDPA provides for habeas relief only if there are extreme malfunctions, certainly not to be used as a means to correct state court errors. Ledford, 818 F.3d at 642 (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).

Federal courts may grant habeas relief if:

> the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).
>
> A state court's decision rises to the level of an unreasonable application of federal law only where the ruling is "objectively unreasonable, not merely wrong; even clear error will not suffice." Virginia v. LeBlanc, 582 U.S. ----, ----, 137 S.Ct. 1726, 1728, 198 L.Ed.2d 186 (2017) (per curiam) (quoting Woods v. Donald, 575 U.S. ----, ----, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (per curiam)). This standard is "meant to be" a difficult one to meet. Harrington v. Richter, 562 U.S. 86, 102, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

<u>Rimmer v. Sec'y, Fla. Dep't of Corr.</u>, 876 F.3d 1039, 1053 (11th Cir. 2017), <u>cert</u>. <u>denied</u>, No. 17-8046, 2018 WL 1278461 (U.S. June 11, 2018).

"We also must presume that 'a determination of a factual issue made by a State court [is[ correct,' and the petitioner 'ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence.' 28 U.S.C. § 2254(e)(1)." <u>Morrow v. Warden</u>, 886 F.3d 1138, 1147 (11th Cir. 2018). Additionally, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." <u>Pope v. Sec'y for Dep't of Corr.</u>, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003)), <u>cert</u>. <u>denied</u>, 568 U.S. 1233 (2013).

Recently, in <u>Wilson v. Sellers</u>, 138 S.Ct. 1188, 1194 (2018), the Supreme Court concluded there is a "look through" presumption in federal habeas law, as silence implies consent. <u>See</u> <u>Kernan v. Hinojosa</u>, 136 S.Ct. 1603, 1605-606 (2016) (per curiam) (adopting the presumption silence implies consent, but refusing to impose an irrebutable presumption). This presumption is employed when a higher state court provides no reason for its decision; however, it is just a presumption, not an absolute rule. <u>Wilson</u>, 138 S.Ct. at 1196. "Where there are convincing grounds to believe the silent court had a different basis for its decision than the analysis

followed by the previous court, the federal habeas court is free, as we have said, to find to the contrary." <u>Id</u>. at 1197.

Being mindful of this holding, this Court will undertake its review. If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." <u>Id</u>. at 1192. But, if the relevant state-court decision on the merits is not accompanied by a reasoned opinion, for example the decision simply states affirmed or denied, a federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." <u>Id</u>. At this stage, the federal court presumes the unexplained decision adopted the same reasoning as the lower court; however, the presumption is not irrebutable. <u>Id</u>. <u>See</u> <u>Hinojosa</u>, 136 S.Ct. at 1606 (strong evidence may refute the presumption). Indeed, the state may rebut the presumption by showing the higher state court relied or most likely relied on different grounds than the lower state court, "such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." <u>Wilson</u>, 138 S.Ct. at 1192.

Although the § 2254(d) standard is difficult to meet, the standard is meant to be difficult. <u>Rimmer</u>, 876 F.3d at 1053 (opining that to reach the level of an unreasonable application of

federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error). When applying the stringent AEDPA standard, state court decisions must be given the benefit of the doubt. <u>Trepal v. Sec'y, Fla. Dep't of Corr.</u>, 684 F.3d 1088, 1107 (11th Cir. 2012) (quotation and citations omitted), <u>cert</u>. <u>denied</u>, 568 U.S. 1237 (2013).

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. In order to prevail on this Sixth Amendment claim, he must satisfy the two-pronged test set forth in <u>Strickland v.</u> <u>Washington</u>, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

With respect to an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). Of note, ineffective assistance of counsel may also require that a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension. <u>See</u> <u>id</u>. at 56 (quoting <u>North</u>

Carolina v. Alford, 400 U.S. 25, 31 (1970)) (noting that the
"longstanding test for determining the validity of a guilty plea is
'whether the plea represents a voluntary and intelligent choice
among the alternative courses of action open to the defendant.'").

This Court recognizes that,

> in a post conviction challenge to a guilty
> plea:
>
>> [T]he representations of the
>> defendant, his lawyer, and the
>> prosecutor at [the plea] hearing, as
>> well as any findings made by the
>> judge accepting the plea, constitute
>> a formidable barrier in any
>> subsequent collateral proceedings.
>> Solemn declarations in open court
>> carry a strong presumption of
>> verity. The subsequent presentation
>> of conclusory allegations
>> unsupported by specifics is subject
>> to summary dismissal, as are
>> contentions that in the face of the
>> record are wholly incredible.
>
> Blackledge v. Allison, 431 U.S. 63, 73-74, 97
> S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)
> (citations omitted); see also United States v.
> Gonzalez-Mercado, 808 F.2d 796, 799-800 and n.
> 8 (11th Cir. 1987) (while not insurmountable,
> there is a strong presumption that statements
> made during a plea colloquy are true, citing
> Blackledge and other cases).

Bryant v. McNeil, No. 4:09CV22-SPM/WCS, 2011 WL 2446370, at *2
(N.D. Fla. May 17, 2011) (Report and Recommendation), report and
recommendation adopted by Bryant v. McNeil, No. 4:09CV22-SPM/WCS,
2011 WL 2434087 (N.D. Fla. June 16, 2011).

## VI.   TIMELINESS

The Petition is timely filed. See Response at 15-17.

## VII. EXHAUSTION/PROCEDURAL DEFAULT

Respondents concede that grounds one, two, three, four, five, six, nine, ten, and thirteen were exhausted in the state court system.  <u>See</u> Response at 20.  They contend, however, that grounds seven, eight, eleven, and twelve are unexhausted.  <u>Id</u>.  More specifically, with respect to grounds seven, eleven, and twelve, Respondents assert Petitioner failed to properly exhaust his state court remedies because he did not specifically include these grounds in his initial brief on appeal from the denial of his post conviction motion.  Response at 56-59, 67-69.

The Court is unpersuaded by Respondent's argument.  Petitioner appealed the denial of his post conviction motion.  Ex. J.  The First District Court of Appeal (1st DCA) affirmed per curiam.  Ex. M.  The mandate issued June 1, 2016.  <u>Id</u>.  The 1st DCA denied Petitioner's motion to recall the mandate.  Ex. Q.  Although Petitioner did not address all of his claims in his appeal brief, he was not required to do so because he did not receive an evidentiary hearing on his Rule 3.850 motions.  Rule 9.141(b)(2), Fla. R. App. P.  "[A] defendant who chooses to file a brief upon summary denial of his postconviction motion is not required to raise all postconviction claims in order to exhaust them." <u>Kirkland v. Sec'y, Dep't of Corr.</u>, No. 8:13-cv-1545-T-27TGW, 2016 WL 309055, at *6 n.2 (M.D. Fla. Jan. 26, 2016) (citing <u>Darity v.</u>

<u>Sec'y, Dep't of Corr.</u>, 244 F. App'x 982, 984 (11th Cir. 2007) (opining the same)).

To date, <u>Darity</u> has not been overturned, and although <u>Darity</u> is an unpublished decision, it remains persuasive authority from the Eleventh Circuit. The Court is convinced that Petitioner invoked one complete round of the state's established appellate review process by appealing the summary denial of his Rule 3.850 motions. <u>But</u> <u>see</u> <u>Watson v. State</u>, 975 So.2d 572, 573 (Fla. 1st DCA 2008) (per curiam) (noting the impropriety of reviewing speculative and unsupported arguments in a brief addressing a summary denial of a post conviction motion). Thus, grounds seven, eleven, and twelve are exhausted. <u>See</u> <u>Fowler v. Sec'y, DOC</u>, No. 3:12-cv-815-J-39MCR, 2015 WL 1470695, at *10 (M.D. Fla. Mar. 31, 2015) (finding a claim exhausted and properly before the Court as the petitioner did not receive an evidentiary hearing on this particular post conviction ground and was not required to brief that issue on appeal of denial of post conviction relief).

With respect to ground eight, Respondents assert Petitioner did not raise a cumulative error of counsel claim in the state trial court in his post conviction motions, and this claim should be deemed unexhausted as the state court did not address the claim of cumulative error. Response at 59-60. Petitioner does not address Respondents' contention in his Reply.

Upon review, the trial court denied a claim of cumulative error of counsel. Ex. H at 231. The Court finds Petitioner

- 11 -

sufficiently raised the claim before the trial court as it acknowledged the claim and addressed it. After the trial court's denial of this ground, Petitioner appealed. Ex. J. The 1st DCA affirmed per curiam. Ex. M. As noted above, any failure to brief this particular issue on appeal did not serve as a waiver of the claim as Petitioner was not required to file a brief because he did not receive an evidentiary hearing. The Court finds Ground eight exhausted as well.

## VIII.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Grounds One and Ten

Petitioner raises very similar claims in grounds one and ten of the Petition, and they will be addressed together. In ground one, Petitioner claims his counsel was ineffective for failure to object to the prosecutor's violation of the <u>Williams</u> Rule (acquitted charges), in violation of Petitioner's due process rights. Petition at 13. In ground ten, Petitioner claims counsel was ineffective for failure to object to the state's comments about the charges for which Petitioner was acquitted, in violation of Petitioner's due process rights. <u>Id</u>. at 5.

Petitioner exhausted these claims in ground six of his 3rd Rule 3.850 motion, Ex. H at 22-23, in amended ground seven of his 11th Rule 3.850 motion, Ex. I at 2-4, and by appealing the denial of his post conviction motions. Ex. J at 23-31. It is important to note that the trial court renumbered these claims as ground five

in its decision denying the motions for post conviction relief. Ex. H at 224-27. On May 4, 2016, the 1st DCA affirmed the decision of the trial court without opinion. Ex. M. The mandate issued on June 1, 2016. <u>Id</u>.

The trial court, before addressing Petitioner's claims of ineffective assistance of counsel, set forth the applicable two-pronged <u>Strickland</u> as a preface to addressing the claim of ineffective assistance of counsel, and referenced <u>Hill</u>, setting forth the requirement for meeting the prejudice prong in the context of a guilty plea. Ex. H at 218-19. The record shows the 1st DCA affirmed the decision of the trial court in denying these grounds. Ex. J. Under <u>Wilson</u>, this Court assumes that the court of appeals adopted the reasoning of the trial court. The state has not attempted to rebut this presumption. <u>Wilson</u>, 138 S.Ct. at 1192. The state court did not unreasonably apply <u>Strickland</u>. The Court concludes AEDPA deference is warranted as the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on grounds one and ten.

The trial court, applying the <u>Strickland</u> standard, rejected Petitioner's claims under the heading: "Failure to Object to <u>Williams</u> Rule Violations and Comments Regarding Crimes for Which Defendant was Acquitted[.]" Ex. H at 224. First, the court outlined Petitioner's complaints about counsel's failure to object

to the prosecutor's references to previous crimes and other
negative comments, including a failure to object to the state's
discussion of crimes, shootings, and robberies for which Petitioner
was acquitted, as well as other disparaging remarks (calling
Petitioner a woman-beater, a menace to society, and a pursuer of a
life of crime). Id. at 225. The court also noted Petitioner's
additional complaint about a statement the court made at sentencing
concerning the need to impose a sentence the defendant should have
received seventeen years ago. Id.

The trial court, in denying post conviction relief, found it
was proper for the state to discuss Petitioner's criminal history
at sentencing. Id. The court also found appropriate a discussion
of Petitioner's previous convictions as they formed the basis for
his guideline sentence. Id. With regard to arrests without
convictions, the court found they too could be considered during
sentencing, so long as the arrests were considered to be just that,
and the defendant was given the opportunity to explain or offer
evidence concerning prior arrests. Id. (citation omitted). The
trial court stated it gave Petitioner the opportunity to address
the matter of his previous arrests and charges during the
sentencing proceeding, and defense counsel took the opportunity and
addressed the arrests and charges that were either dropped or never
filed. Id. See Ex. E at 22-23. As such, the court found counsel
"cannot be held ineffective for failing to object," as it would

have been a meritless argument under the circumstances.  Ex. H at 225.

The trial court made other findings in its ruling on the post conviction motions.  Ex. H at 226.  It found the prosecutor never called Petitioner a woman beater or a menace to society.  Id.  The court recognized the prosecutor did say Petitioner's way of life is to deal drugs, but the court concluded that this was a legitimate argument based on the evidence in the record showing Petitioner's extensive criminal history involving drugs.  Id.  The court concluded counsel could not be ineffective for failing to object because the state's comment on the evidence was proper.  Id.

In denying Petitioner's claims, the trial court found Petitioner failed to meet the first prong of Strickland, as he failed to demonstrate deficient performance on the part of defense counsel.  In order to prevail on a claim of ineffective assistance of counsel, both parts of the Strickland test must be satisfied. Bester v. Warden, Att'y Gen. of the State of Ala., 836 F.3d 1331, 1337 (11th Cir. 2016) (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)), cert. denied, 137 S.Ct. 819 (2017). Indeed, failure to demonstrate either prong is fatal, making it unnecessary to consider the other.  Id.  As such, Petitioner has failed to meet his burden under Strickland.  Perfection is not the standard, and Petitioner has not shown that his counsel's representation fell below an objective standard of reasonableness.

Failing to meet his burden, Petitioner is not entitled to habeas relief. Grounds one and ten are due to be denied.

## B. Ground Two

In his second ground, Petitioner raises another claim alleging the ineffective assistance of counsel. He contends his counsel's performance was deficient for failure to raise sentencing manipulation as a defense, in violation of Petitioner's due process and equal protection rights. Petition at 9. Petitioner suggests that the detectives extended, prolonged or tailored the investigation merely to increase Petitioner's sentence. Id.

Petitioner exhausted this ground by raising it in ground eleven of his 5th Rule 3.850 motion, Ex. H at 36-39, and by appealing the denial of his post conviction motions. Ex. J at 44-45. Important to note for this Court's review, the trial court renumbered this claim as ground eight in its decision denying the motions for post conviction relief. Ex. H at 228-29. The 1st DCA affirmed the decision of the trial court without opinion. Ex. M.

As noted by the trial court, Petitioner claimed his counsel should have argued for a downward departure based on sentencing abuse through sentencing manipulation. Ex. H at 228. The court pointed out, when reviewing a claim of manipulation, the focus should be on the intent of law enforcement. Id. (citing State v. Steadman, 827 So.2d 1022, 1025 (Fla. 3d DCA 2002) ("The intent standard prevents sentence manipulation for the purpose of

enhancing punishment, does not interfere with undercover operations, and does not excuse a defendant.")). As no evidence was presented with regard to the officers' intent behind the three drug purchases, the court found Petitioner failed to support his allegations. Ex. H at 228-29. Mere speculation as to intent is not sufficient to support a claim of manipulation by law enforcement.[6] Id. at 229.

Importantly, the trial court found absolutely no evidence in the record to support a downward departure. Ex. H at 228. Since Petitioner did not prove a reasonable probability that, if sought, the trial court would have imposed a downward departure, he failed to adequately support his claim of ineffective assistance of counsel. Id. at 228-29. As a result, the trial court found Petitioner was not entitled to post conviction relief.

The record shows the 1st DCA affirmed the decision of the trial court in denying this ground. Under Wilson, this Court

---

[6] In this case, it would be highly unlikely for Petitioner to be able to support a claim of intent to manipulate the sentence. Unlike Steadman, there was no admission by the police that they had decided to forego any arrest in order to have multiple purchases to generate the quantity of cocaine to command a lengthy prison sentence for the offender. Steadman, 887 Sod.2d at 1024. On the contrary, in Petitioner's case, undercover officers made back-to-back purchases of crack cocaine on January 3, 2011, and January 4, 2011. Ex. C at 7-8 (factual basis for the plea). Thereafter, on January 12, 2011, Petitioner actually contacted a detective, seeking his business. Id. at 8 (factual bases for the plea). Thus, the third sale of cocaine was as a result of Petitioner reaching out to the detectives, not an attempt by law enforcement to allow a defendant to continue criminal activities for no other reason than to enhance his sentence.

assumes that the court of appeals adopted the reasoning of the trial court. This presumption has not been rebutted. <u>Wilson</u>, 138 S.Ct. at 1192. The state court did not unreasonably apply <u>Strickland</u>. Here, AEDPA deference is warranted. The Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground two.

### C. Grounds Three, Four, Five, Six, Nine, and Thirteen

In grounds three, four, five, six, nine, and thirteen, Petitioner raises claims of ineffective assistance of counsel regarding the plea bargain process. Although Petitioner uses different phraseology to describe each claim, each ground essentially raises the same basic issue: whether defense counsel performed deficiently during the plea process, particularly in advising Petitioner to plead guilty straight up to the court and reject the state's plea offer.[7]

---

[7] The grounds raised in the Petition are as follows: (3) the ineffective assistance of counsel for coercing and inducing Petitioner to reject the state's plea offer; (4) the ineffective assistance of counsel for advising Petitioner to reject the state's initial plea offer; (5) the ineffective assistance of counsel for misadvising Petitioner to reject the state's offer with promises of a lesser sentence at the bottom of the guidelines; (6) the ineffective assistance of counsel for failure to inform Petitioner of "involvement of an open plea" and advise Petitioner of the sentencing procedure; (9) the ineffective assistance of counsel for failure to adequately inform Petitioner of the state's final offer of ten years, preventing Petitioner from making an informed, conscious decision; and (13) the ineffective assistance of counsel during the plea bargain process for failure to advise Petitioner of

Of note, the trial court renumbered grounds three, four, five, and six as ground one. The court renumbered ground nine as ground two, and renumbered ground thirteen and addressed it as ground seven. The trial court denied renumbered grounds one, two, and seven, and the 1st DCA affirmed. Thus, there is a qualifying decision under AEDPA.

The record reflects the following. The state offered Petitioner a plea deal of ten years if he pled to the three charges of sale or delivery of cocaine (second degree felony offenses). Ex. A; Ex. B; Ex. C at 4. The Criminal Punishment Code Scoresheet sentence computation recorded the lowest permissible prison sentence in months to be 35.55 months, and the maximum sentence in years to be 45 years. Ex. F.

The prosecutor warned Petitioner, if he did not accept the ten-year offer on March 7, 2011, the state would file a habitual felony offender notice. Ex. C at 4. Without the habitual felony offender notice, Petitioner was facing 45 years. Id. With the habitual felony offender notice, Petitioner would face ninety years. Id. Defense counsel announced to the court:

> Because of that HO notice, as well, Judge, then there would not be –- right now as it stands he scores 36 months on the Florida sentencing guidelines. The State had offered him ten years and said if he didn't take the ten years today they would file an HO notice. He's chosen to plea to the Court and the State

the availability of entering an Alford plea.

> is still going to file that notice now because
> he didn't take the ten.

Id.

After being duly sworn, Petitioner told the court that no one had threatened him or forced him to enter the plea of guilty against his will. Id. at 3-4. The court advised Petitioner he was facing 45 years, and is now facing 90 years. Id. at 5. Petitioner confirmed that he understood he was now facing 90 years. Id.

On March 7, 2011, Petitioner and his counsel signed the Plea of Guilty form. Ex. B. Upon inquiry, when asked if he was entering his plea because he was guilty or because it was in his best interest, Petitioner responded it was in his best interest. Ex. C at 5. Petitioner stated he understood he was not going to have a trial as he had decided to plea. Id. Petitioner confirmed that he understood he was giving up certain rights. Id. at 5-6. He told the court he understood and could read the English language. Id. at 6. He denied being under the influence of drugs or alcohol. Id. Petitioner responded affirmatively that he had signed the plea form after going over it with his counsel. Id. Petitioner denied having further questions to address with counsel or the court. Id. Petitioner announced that he was satisfied with the services of his counsel. Id. at 6-7.

The state submitted to the court a factual basis for the plea, referencing three recorded drug sale transactions involving crack cocaine. Id. at 7-8. The court found a factual basis for the

plea.  Id. at 8.  The court determined the plea was freely,
voluntarily, and knowingly entered.  Id. at 8-9.  Thereafter, on
March 8, 2011, the state filed a Notice of Intent to Classify
Defendant as an Habitual Felony Offender.  Ex. D.

The court sentenced Petitioner on March 31, 2011.  Ex. E.
Initially, the state played the videotapes of the drug buys for the
court.  Id. at 3-7.  Thereafter, the state played a jail call
between Petitioner and an unidentified woman.  Id. at 8-13.  The
state presented argument.  Id. at 15-21.  The state asked for a
sentence in the range of twenty to thirty years, and at a minimum,
a prison sentence of ten years.  Id. at 19.  The prosecutor pointed
out that, during the last drug transaction for which Petitioner was
charged, he reached out to the detectives by telephoning them and
offering to sell crack cocaine.  Id. at 19-20.  Notably, as
evidenced by the recorded jail call, even while in jail, Petitioner
continued his efforts to deal drugs.  Id. at 20.

Petitioner's counsel presented his argument.  Id. at 21-22.
He argued the jail calls never mention drugs, and could be
construed to concern money.  Id.  In explaining his client's
criminal history, defense counsel said:

> As the State indicated, they've gone through
> and in their sentencing recommendation and in
> their sentencing memorandum list off the
> number of -- anywhere where you see arrest
> rather than the charge, that means he was
> arrested and the charge was either dropped or
> never filed, so all the violent felonies that
> they've listed here, none of them where he's
> ever been adjudicated of.  Out of all the

- 21 -

felonies that are listed, there were actually
six total convictions.

Id. at 22-23.

Defense counsel further argued Petitioner took responsibility
for the sales of cocaine by pleading guilty.  Id.  Counsel informed
the court that Petitioner and his counsel did not believe the plea
offer was fair, as it was three times the guideline sentence of 35
and a half months.  Id.  He further argued, when the state made the
offer of 10 years, the state knew it could file an habitual felony
offender notice.  Id.  Counsel argued that Petitioner should not
suffer because he elected to put himself at the mercy of the court.
Id.  Counsel explained his rationale for seeking a lighter
sentence: "[t]hey offered 10 years, we never took any depositions
in the case.  He plead guilty to the charge.  It's three sales of
cocaine totalling [sic] $210."  Id. at 24.  Defense counsel
explained that Petitioner's criminal history showed a lengthy
history of drug possessions, an old trafficking case from 1999, and
no other sales.  Id.  In closing, defense counsel read Petitioner's
letter to the court.  Id. at 25-26.

The state provided a brief response.  Id. at 26.  The
prosecutor noted the guidelines refer to the lowest permissible
sentence in months, with a maximum sentence of 15 years per count.
Id.  The prosecutor explained the nature of the bargain that was
offered:

The State, again, when dealing with plea
bargaining with this defendant informed the

> defendant that any plea to the Court would
> result in an HO notice. Any trial would
> result in an HO notice, and that there would
> be no reason to file an HO notice if someone
> took ten years, because the State doesn't gain
> anything except in a sentencing with an HO
> notice.

<u>Id</u>.

The prosecutor argued that when Petitioner said his plea was in his best interest, he failed to admit he was selling drugs. <u>Id</u>. at 26-27. The state reiterated its request that Petitioner be given 20 to 30 years in prison. <u>Id</u>. at 27.

To counter the state's argument, defense counsel asked that Petitioner's statement that it was in his best interest not be held against him. <u>Id</u>. Counsel reminded the court that Petitioner entered a plea of guilty. <u>Id</u>. Again, counsel asked that Petitioner not be punished for pleading guilty to the case. <u>Id</u>.

The court, in sentencing Petitioner, recognized the impact drugs were having on the community. <u>Id</u>. at 27-28. The court found Petitioner's history, "whether it be a conviction or arrest, but especially the convictions[,]" demonstrates he is a drug dealer. <u>Id</u>. at 28. The court noted the record showed Petitioner had been in trouble with the law since he was 18 years of age, he had managed to accumulate 24 misdemeanor convictions, and he had thumbed his nose at the laws of society. <u>Id</u>. at 28-29. The court sentenced Petitioner to 20 years in prison, not as a habitual offender. <u>Id</u>. at 31. The court explained it was sentencing Petitioner to 15 years on counts one and two, to run concurrently,

and to 5 years on count three, to be served consecutively, for a total of 20 years.  <u>Id</u>.

This Court will briefly outline the exhaustion of these grounds.  Petitioner exhausted ground three of the Petition by raising it in ground two of his 1st Rule 3.850 motion, Ex. H at 5-6, and by appealing the denial of his post conviction motions.  Ex. J at 1-14.  Important to note for this Court's review, the trial court renumbered this claim as ground one in its decision denying the motions for post conviction relief.  Ex. H at 219-21.  The 1st DCA affirmed the decision of the trial court without opinion.  Ex. M.  The mandate issued on June 1, 2016.  <u>Id</u>.

Petitioner exhausted grounds four, five, and six of the Petition by raising the claims in grounds one and two of his 1st Rule 3.850 motion, Ex. H at 2-6, ground twelve of his 6th Rule 3.850 motion, <u>id</u>. at 40-43, ground six of his 10th Rule 3.850 motion, <u>id</u>. at 117-21, and by appealing the denial of his post conviction motions.  Ex. J at 1-14.  When addressing the post conviction motions, the trial court renumbered the claim as ground one and denied relief.  Ex. H at 219-21.  The 1st DCA affirmed without opinion, Ex. M, and the mandate issued.  <u>Id</u>.

Petitioner exhausted ground nine of the Petition by raising it in ground three of his 1st Rule 3.850 motion, Ex. H at 7-8, and by appealing the denial of his post conviction motions.  Ex. J at 20-22.  The trial court, when addressing the post conviction motions, renumbered the claim as ground two, and denied relief.  Ex. H at

221-22.  The 1st DCA affirmed the decision of the trial court, Ex.
M, and the mandate issued.  <u>Id</u>.

Petitioner exhausted ground thirteen of the Petition by
raising it in his 4th Rule 3.850 motion, Ex. H at 32-34, and by
appealing the denial of his post conviction motions.  Ex. J at 15-
19.  The trial court, when addressing the post conviction motions,
renumbered this claim as ground seven, and denied post conviction
relief.  Ex. H at 227-28.  The 1st DCA per curiam affirmed, Ex. M,
and the mandate issued.  <u>Id</u>.

The circuit court, in a very thorough and reasoned decision,
denied the Rule 3.850 motions.  Before addressing Petitioner's
numerous grounds, as noted previously, the trial court set forth
the applicable two-pronged <u>Strickland</u> standard, and referenced
<u>Hill</u>, the seminal case for addressing an ineffective assistance of
counsel claim in a guilty plea context.  Ex. H at 218-19.  The
court labeled its ground one, "Misadvice Regarding Rejecting
State's Plea Offer and Inducing or Coercing Defendant to Reject
Plea Offer and Plea to Court[.]"  <u>Id</u>. at 219.  The court succinctly
summarized Petitioner's contentions:

> Defendant avers counsel was ineffective
> for misadvising Defendant to reject the
> State's plea offer of ten years.
> Specifically, Defendant states that counsel
> promised him if he rejected the State's offer
> and entered an open plea to this Court,
> Defendant would receive a sentence at the
> bottom of his guideline range.  Defendant
> alleges counsel was aware Defendant was
> eligible for HFO sentencing, had no defense to
> the charges, and that this Court was not

> required to sentence Defendant at the low-end
> of his guidelines. If not for counsel's
> alleged misadvice, Defendant asserts he would
> have accepted the State's ten-year offer, and
> would not have been subjected to a higher
> sentence.

Id.

The trial court recognized, to establish prejudice, a defendant is required to allege and show a reasonable probability that the end result would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. Id. at 219-20 (citation omitted). In more detail, the court explained that a defendant must establish, allege and prove, a reasonable probability (a probability sufficient to undermine confidence in the outcome) that he would have accepted the offer had counsel advised the defendant properly; the prosecutor would not have withdrawn the offer; the court would have accepted the bargained for offer; and the conviction or sentence, or both, under the offer's terms would have been less severe than those in fact imposed. Id. at 220. The court found Petitioner failed in this regard, although given sufficient opportunity to rectify the insufficiencies in his motions. Id.

Petitioner claimed his counsel performed deficiently for inducing and coercing Petitioner to reject the state's ten-year plea offer by threatening him with the state's intention of seeking a habitual felony offender sentence and telling him that he would

receive a sentence at the bottom of the guidelines if he pled guilty to the court. Id.

The trial court, in denying the Rule 3.850 motions, rejected Petitioner's claim of ineffective assistance of counsel, finding Petitioner's responses during the plea colloquy directly contradicted his allegations. Id. at 220-21. In particular, Petitioner denied being threatened or coerced. Id. at 221; Ex. C at 4. He also signed the plea form, denying the same. Ex. H at 221; Ex. B. Moreover, the court found counsel's advice did not constitute threats or coercion by counsel, as the defense attorney simply advised Petitioner of the consequences of rejecting the plea offer, relating the prosecutor's stated intent to seek habitual felony offender sentencing, which was entirely accurate. Ex. H at 221; Ex. C at 4.

With regard to Petitioner's contention that his attorney told him he would receive a particular sentence if he pled open to the court, the court emphasized that Petitioner's acknowledgments at the plea proceeding reflect that he understood he was facing up to ninety years. Ex. H at 221; Ex. C at 4-5. By signing the plea form, Petitioner affirmed he was not offered any hope of reward, better treatment, or a certain type of sentence in exchange for his plea of guilty. Ex. H at 221; Ex. B. Petitioner specifically affirmed that he had "not been promised by anyone, including my attorney, that I would actually serve any certain amount of time[.]" Ex. B. Based on the plea colloquy and the record, the

court found Petitioner's allegations clearly refuted. Ex. H at 221.

The court labeled its ground two, "Failure to Provide Defendant Adequate Notice of State's Intentions to Seek Habitual Felony Offender Sentencing if Defendant Did Not Take State's Plea Offer[.]" Id. The court briefly described Petitioner's contention:

> Defendant alleges that counsel was ineffective for failing to inform him that the State intended to seek enhanced HFO sentencing if Defendant did not take the State's ten-year plea offer. Defendant states counsel only made him aware of this fact while in the courtroom on the day of his plea, and that he was prejudiced because he was deprived of enough time to make an informed decision.

Id.

The trial court, in denying post conviction relief, first pointed out that defense counsel, at the inception of the plea proceeding, announced to the trial court that the state had offered ten years, and advised that if Petitioner did not take the offer, an habitual felony offender notice would be filed by the prosecutor. Ex. H at 221; Ex. C at 4. During the course of the plea proceeding, defense counsel informed the court, in front of his client, that Petitioner had chosen to plead to the court, and acknowledged the state would file its notice. Ex. C at 4.

The trial court, in denying the claim of ineffectiveness, reiterated the questions asked and responses given during the plea colloquy. Of import, the court noted that Petitioner never stated he needed more time to consider his plea and told the court he had

no questions for his counsel or the court. Ex. H at 222. Rather than complaining about his counsel, Petitioner expressed his full satisfaction with his attorney's representation. Id. As such, the trial court found Petitioner's "affirmances at the plea colloquy contradict Defendant's current allegation that he was deprived enough time to make an informed decision[.]" Id. Thus, the court rejected Petitioner's claim for relief. Id.

The trial court labeled its ground seven, "Failure to Convey Option of 'Alford Plea[.]'" Id. at 227. The court described this claim as an allegation that counsel failed to advise Petitioner of the option to enter an Alford plea and maintain his innocence, an option Petitioner claimed he would have chosen over making an open plea to the court if he had been so advised. Id.

The court rejected this claim, finding Petitioner failed to establish prejudice under Hill. Ex. H at 227. Indeed, in order to satisfy the prejudice prong of the two-part Strickland test in a plea case, Petitioner must show that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on proceeding to trial. See Hill v. Lockhart. The circuit court found Petitioner asserted he would have opted for a different kind of plea to the court if properly advised, but he never claimed he would have insisted on proceeding to trial but for counsel's errors. Ex. H at 227. As a result, the Court found Petitioner failed to demonstrate the

required prejudice to meet the prejudice prong under <u>Hill</u>.  Ex. H at 227-28.

Notably, Petitioner, at the plea proceeding, announced he was entering the plea because it was in his best interest.  Ex. C at 5. The trial court, in rejecting Petitioner's claim of ineffectiveness, noted that Petitioner was able to maintain his assertion of innocence at the plea proceeding by responding to the court's inquiry ("And you're entering this plea today because you're guilty or because it's in your best interest?") as he did. Ex. H at 227-28; Ex C at 5.

Petitioner is not entitled to habeas relief on grounds three, four, five, six, nine, and thirteen of the Petition, the claims of ineffective assistance of trial counsel.  Deference, under AEDPA, should be given to the state court's decision.  Petitioner raised the claim of ineffective assistance of counsel in his Rule 3.850 motions, the trial court denied the motions, and the appellate court affirmed.  Ex. M.  The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> and <u>Hill</u>, or based on an unreasonable determination of the facts.

To the extent Petitioner claims he has been deprived of due process of law, he is not entitled to habeas relief.  A federal habeas court reviews a state court guilty plea only for compliance with constitutional protections.

> This court has concluded that "[a] reviewing
> federal court may set aside a state court
> guilty plea only for failure to satisfy due
> process:   If a defendant understands the
> charges   against   him,   understands   the
> consequences of a guilty plea, and voluntarily
> chooses to plead guilty, without being coerced
> to do so, the guilty plea . . . will be upheld
> on federal review." <u>Stano v. Dugger</u>, 921 F.2d
> 1125,  1141  (11th  Cir.)  (en  banc),  <u>cert</u>.
> <u>denied</u>, ___ U.S. ___, 112 S.Ct. 116, 116 L.Ed.
> 2d 85 (1991).

<u>Jones v. White</u>, 992 F.2d 1548, 1556-57 (11th Cir.), <u>cert</u>. <u>denied</u>,
510 U.S. 967 (1993).   Thus, in order for a guilty plea to be
constitutionally valid, it must be made knowingly, intelligently,
and voluntarily.   <u>Pardue v. Burton</u>, 26 F.3d 1093, 1096 (11th Cir.
1994).

     Petitioner has not shown there is a reasonable probability
that, but for counsel's alleged errors, Petitioner would not have
pleaded guilty and would have insisted on going to trial.[8]   In this
case, when the state provided its factual basis for the plea, no
objections  or  exceptions  were  made.   Ex. C at 7-8.   At the
inception of the plea proceeding, counsel announced that his client
had authorized him to enter a straight plea to the court.   Ex. C at
3.   Petitioner had no questions concerning the maximum penalty he
faced.   <u>Id</u>. at 5.   Petitioner confirmed that he had gone over the
plea form with this counsel.   <u>Id</u>. at 6.   Petitioner stated that he

---

     [8] There were videotapes of the drug buys.   Ex. E at 3-7.   All
transactions were made with undercover officers.   Ex. C at 7-8.
With regard to the last transaction, Petitioner contacted the
detective to arrange a sale of crack cocaine.   <u>Id</u>. at 8.

had no difficulty reading or understanding English and he signed the plea form.  _Id_.  He also stated that he was not under the influence of drugs or alcohol.  _Id_.

Recognizing that solemn declarations in open court carry a strong presumption of verity, the trial court's decision is well supported by the record.  The record shows Petitioner pleaded straight up to the court because he believed it was in his best interest.  Although Petitioner may have hoped for a lesser sentence, the court decided to sentence him to two 15-year concurrent terms of imprisonment, followed by one consecutive term of 5 years imprisonment, for a total of 20 years in prison.

Of importance, Petitioner expressed complete satisfaction with his counsel at the plea proceeding.  Petitioner's current displeasure with his counsel's performance is directly related to Petitioner's dissatisfaction with his sentence, a matter left to the sound discretion of the court, within the bounds of the sentencing range, which in this case, went up to 90 years for the three offenses.  Petitioner well understood that he was facing 90 years in prison when he pled straight up to the court.  Ex. C at 4-5.  Therefore, Petitioner is not entitled to habeas relief on grounds three, four, five, six, nine, and thirteen of the Petition.

### D.  Ground Seven

In ground seven, Petitioner raises a claim of ineffective assistance of counsel for failure to raise the unconstitutionality of the Drug Abuse Prevention and Control Act, Fla. Stat. § 893.13,

in violation of Petitioner's due process rights. Petition at 15. The Court has found this claim to be exhausted. Although exhausted, it has no merit.

Petitioner exhausted ground seven of the Petition by raising it in his 2nd Rule 3.850 motion, Ex. H at 18-20, and by appealing the denial of his post conviction motions. Ex. J. The trial court, when addressing the post conviction motions, renumbered this claim as ground four, and denied post conviction relief. Ex. H at 223-24. The 1st DCA per curiam affirmed, Ex. M, and the mandate issued. Id.

The trial court entitled the claim: "Failure to Advise Defendant Regarding Elements Required by Shelton[.]" Ex. H at 223. The court acknowledged Petitioner raised a due process challenge based on counsel's failure to advise Petitioner of the elements required under Shelton. Ex. H at 223. See Shelton v. Sec'y, Dep't of Corr., 802 F.Supp.2d 1289 (M.D. Fla. 2011) (Shelton I) (finding Florida's Comprehensive Drug Abuse Prevention and Control Act, Chapter 893, Fla. Stat., facially unconstitutional).

As noted by the trial court, the Eleventh Circuit overruled Shelton I. Ex. H at 224. See Shelton v. Sec'y, Dep't of Corr., 691 F.3d 1348 (11th Cir. 2012) (Shelton II), cert. denied, 569 U.S. 923 (2013). Upon review of the relevant case law, the Eleventh Circuit and the Supreme Court of Florida rejected the holding in Shelton I, finding "Florida's Comprehensive Drug Abuse Prevention and Control Act, Chapter 893, *Fla. Stat.,* facially constitutional."

- 33 -

<u>Alvarez v. Crews</u>, No. 13-60664-CIV, 2014 WL 29592, at *6 (S.D. Fla. Jan. 3, 2014) (citing <u>Shelton II</u> and <u>State v. Adkins</u>, 96 So.3d 412 (Fla. 2012)).

As such, Petitioner is not entitled to habeas relief on ground seven. In the alternative, deference under AEDPA should be given to the state court's decision. Petitioner raised the issue, and the appellate court affirmed. The trial court found the arguments in <u>Shelton I</u> were rejected by higher courts, binding the lower courts to reject the claim of unconstitutionality of the Act. In denying Petitioner's claim, the court held: "counsel cannot be held ineffective for failing to advise Defendant regarding the case, as it would not be applicable to him and would have resulted in misadvice by counsel." Ex. H at 224. The 1st DCA affirmed.

The state court's adjudication of this claim is not contrary to or an unreasonable application of federal law, or based on an unreasonable determination of the facts. Therefore, Petitioner is not entitled to habeas relief on this ground.

### E. Ground Eight

In his eighth ground, Petitioner raises a claim of ineffective assistance of counsel based on the cumulative errors of counsel, in violation of Petitioner's due process and equal protection rights. Petition at 7. This Court concluded Petitioner exhausted ground eight, finding the trial court denied a claim of cumulative error of counsel. <u>See</u> Ex. H at 231. Petitioner appealed the trial

court's decision to the 1st DCA.  Ex. J.  The 1st DCA affirmed per curiam.  Ex. M.

The trial court labeled this claim "Cumulative Error" in its decision denying post conviction relief.  Ex. H at 231.  The court opined, "[h]aving found that all of Defendant's previous claims were either meritless, procedurally barred, or did not meet the <u>Strickland</u> standard of ineffective assistance of counsel, Defendant is not entitled to relief."  <u>Id</u>.

Because Petitioner's ineffective assistance of counsel claims are insufficient individually, raising them cumulatively does not render them sufficient.  <u>Robertson v. Chase</u>, No. 1:07-CV-0797-RWS, 2011 WL 7629549, at *23 (N.D. Ga. Aug. 12, 2011) (citations omitted), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>by</u> No. 1:07-CV-797-RWS, 2012 WL 1038568 (N.D. Ga. Mar. 26, 2012), <u>aff'd</u> <u>by</u> 506 F. App'x 951 (11th Cir. 2013), <u>cert</u>. <u>denied</u>, 571 U.S. 842 (2013).  The trial court followed this maxim in its ruling.  Ex. H at 231.

Petitioner has not demonstrated that any of his trial counsel's alleged errors, considered alone, rise to the level of ineffective assistance of counsel; therefore, there are no errors to accumulate, and Petitioner is not entitled to relief.  Since the threshold standard of <u>Strickland</u> has not been met, Petitioner has failed to demonstrate that his trial was fundamentally unfair and his counsel ineffective.  Moreover, Petitioner has not shown

specific errors which undermine the conviction in their cumulative effect.[9]  Therefore, he has not demonstrated prejudice.

The Court finds Petitioner is not entitled to relief on any claim of denial of due process of law based on the alleged cumulative errors of counsel:

> [Petitioner] has not demonstrated error by trial counsel; thus, by definition, [Petitioner] has not demonstrated that cumulative error of counsel deprived him of a fair trial.  See Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993) (explaining that because certain errors were not of constitutional dimension and others were meritless, petitioner "has presented nothing to cumulate").

Miller v. Johnson, 200 F.3d 274, 286 n.6 (5th Cir.), cert. denied, 531 U.S. 849 (2000).

Also, Petitioner has not shown a deprivation of his equal protection rights.  The Court opines the cumulative effect of Petitioner's grounds of ineffective assistance of counsel does not provide any foundation for granting federal habeas relief since

---

[9] In Forrest v. Fla. Dep't of Corr., 342 F. App'x 560, 564 (11th Cir. 2009) (per curiam) (citing United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)), cert. denied, 562 U.S. 589 (2010), the Eleventh Circuit related that the Supreme Court has not specifically addressed the applicability of the cumulative error doctrine when addressing an ineffective assistance of trial counsel claim, but it has held there is no basis for finding a constitutional violation unless the petitioner can point to specific errors of counsel which undermined the reliability of the finding of guilt.  Thus, a cumulative errors of counsel claim lacks merit without a showing of specific errors of counsel which undermine the conviction in their cumulative effect on the trial itself, amounting to prejudice.

none of his grounds claiming ineffective assistance of counsel provide a basis for habeas relief.

With respect to the claim of cumulative errors of counsel, the 1st DCA's decision is entitled to deference under AEDPA as the Court assumes the 1st DCA adopted the reasoning of the trial court in denying the post conviction motion. Ex. M. This presumption has not been rebutted.

Petitioner is not entitled to habeas relief on this ground of the Petition because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Since there were no errors of constitutional dimension, the cumulative effect of any errors would not subject Petitioner to a constitutional violation. See Miller, 200 F.3d at 286 n.6.

Petitioner has not shown specific errors of counsel which undermine his conviction in their cumulative effect; therefore, the cumulative errors of counsel claim lacks merit. See Forrest, 342 F. App'x at 564. As such, the Court finds Petitioner is not entitled to habeas relief on the basis of his claim of ineffective assistance of counsel alleging the cumulative errors of counsel and the resulting denial of a fair proceeding and equal protection of the law. Ground eight of the Petition is due to be denied.

## F.  Ground Eleven

In his eleventh ground for relief, Petitioner raises a claim
of trial court error at sentencing for improperly taking into
consideration offenses for which Petitioner was acquitted, in
violation of Petitioner's due process rights.   Petition at 6.
Petitioner exhausted this claim.  He raised it in the ninth ground
of his 3rd Rule 3.850 motion.  Ex. H at 28.  The trial court, in
addressing this ground, labeled it "Trial Court Error[.]" Id. at
230.  Petitioner complained that during his sentencing, the trial
court improperly considered crimes for which Petitioner was not
convicted.  In rejecting this ground, the court said: "[c]laims of
trial court error are not cognizable in a Rule 3.850 motion."  The
1st DCA affirmed.  Ex. M.

Upon review, this claim is not cognizable in a federal habeas
petition because it relates to a state sentencing issue and a claim
of trial court error.  The writ of habeas corpus under 28 U.S.C. §
2254 "was not enacted to enforce State-created rights." Cabberiza
v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v.
Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531
U.S. 1170 (2001).  The law in this Circuit allows that only in
cases of federal constitutional error will a federal writ of habeas
corpus be available.  See Jones v. Goodwin, 982 F.2d 464, 471 (11th
Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990).
Consequently, federal habeas relief does not lie for errors of

state law.  It is certainly not the province of a this Court to reexamine state-court determinations on issues of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'"  Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)).

The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate.  McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992).  Since ground eleven presents an issue that is not cognizable in this habeas proceeding, this ground cannot provide a basis for federal habeas corpus relief.  The Court finds there is no breach of a federal constitution mandate.  Consequently, the claim raised in ground eleven is due to be denied.

Alternatively, to the extent a due process claim is properly before the Court, AEDPA deference is due.  The trial court denied post conviction relief, and the 1st DCA affirmed.  The Court finds deference under AEDPA should be given.  The state court's decision is not inconsistent with Supreme Court precedent.  Its adjudication is not contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination

of the facts. Therefore, Petitioner is not entitled to habeas relief.

## G.  Ground Twelve

Finally, in his twelfth ground, Petitioner claims there was a double jeopardy violation at sentencing based on the trial court's consideration of offenses for which Petitioner had already been sentenced or acquitted. Petition at 11. This claim is exhausted. Petitioner raised it in ground ten of his 3rd Rule 3.850 motion. Ex. H at 29. Petitioner complained that the court sentenced Petitioner for crimes committed seventeen years ago. Id. The trial court rejected this claim as a claim of trial court error, inappropriately brought in a Rule 3.850 motion. Id. at 230. Alternatively, to the extent Petitioner raised a substantive double jeopardy claim, the court held, "it is clear from the record that Defendant was not sentenced to crimes committed seventeen years prior and for which he had already been sentenced." Id. The court continued, "[r]ather, Defendant was sentenced for the offenses committed on three separate days within in [sic] 2011." Id. With this finding, the court denied relief. Id. (citation omitted). The 1st DCA affirmed.

The Double Jeopardy Clause "provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.' U.S. Const., Amdt. 5." United States v. Dixon, 509 U.S. 688, 695-96 (1993). The Clause protects against a second

prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and it protects against multiple punishments for the same offense. <u>Garrett v. United States</u>, 471 U.S. 773, 777-78 (1985); <u>Brown v. Ohio</u>, 432 U.S. 161 (1977).

The trial court specifically found it sentenced and punished Petitioner for the three offenses committed in 2011. Ex. H at 230. <u>See</u> Ex. A; Ex. F. The court elected not to sentence Petitioner as an habitual felony offender. Ex. C at 31. The trial court, in denying post conviction relief, noted it was permissible for a court to take into consideration a defendant's previous arrests under certain circumstances, and prior convictions, particularly when considering the basis for a guideline sentence. Ex. H at 225. Finally, the court determined it was appropriate to discuss Petitioner's previous arrests and convictions, particularly when defense counsel informed the court that all charges described as arrests in the state's memorandum were either dropped or never pursued. <u>Id</u>.

Upon review, Petitioner was not prosecuted for the same offense after acquittal, he was not prosecuted for the same offense after conviction, and he was not given multiple punishments for the same offenses. Consequently, there was no double jeopardy violation.

The trial court rejected Petitioner's double jeopardy claim. The record shows the 1st DCA affirmed the decision of the trial court in denying this ground. Under Wilson, this Court assumes that the 1st DCA adopted the reasoning of the trial court. There has been no attempt to rebut this presumption. Wilson, 138 S.Ct. at 1192. After due consideration, the Court finds the state court did not unreasonably apply clearly established federal law, as determined by the United States Supreme Court. Consequently, AEDPA deference is warranted. The Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of federal law, or based on an unreasonable determination of the facts. Ground twelve is due to be denied as Petitioner is not entitled to habeas relief.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED.**

2.    This action is **DISMISSED WITH PREJUDICE.**

3.    The **Clerk** shall enter judgment accordingly and close this case.

4.    If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.**[10]  Because this Court

---

[10] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of July, 2018.

_____
BRIAN J. DAVIS
United States District Judge


sa 7/6
c:
James H. Griffin
Counsel of Record

---

jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.